IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMII VALENTINE and ROBERT CASEY, individually and on behalf of all others similarly situated, *Plaintiff(s)* | } } } } } | |
| v. | } } | CIVIL ACTION NO.  H-02-4910 |
| HARRIS COUNTY and PERRY WOOTEN, *Defendant(s)* | } } } | |

**ORDER**

Pending before the Court in this Fair Labor Standards Act collective action is Plaintiffs' Motion to Reconsider (Doc. 132). For the following reasons, the court **ORDERS** that Plaintiffs' motion is **DENIED**.

**I. ANALYSIS**[1]

Plaintiffs urge the court to reconsider its ruling dismissing their claims. They argue that the court committed clear legal error when it found 1) that the County had no actual or constructive knowledge that Plaintiffs were working overtime and 2) that Plaintiffs, by their conduct, were estopped from claiming overtime hours not recorded on their time sheets. After considering Plaintiffs' brief, the facts, and the applicable law, the court reaffirms its earlier ruling.

In Newton v. City of Henderson, 47 F.3d 746 (5th Cir. 1995), the Court of Appeals reversed the lower court's ruling in favor of plaintiff police officer. It did so after finding that the defendant city did not have knowledge, actual or imputed, that the police officer was working overtime. The Court of Appeals noted that, "[I]f we were to hold that the City had constructive knowledge that Newton was working overtime because Freeman [the chief of police] had the ability to investigate whether or not Newton was truthfully filling out the City's payroll forms, we would essentially be stating that the City did not have the right to require an employee to adhere to its procedures for claiming overtime." Id. at 749. The Court of Appeals reached this conclusion despite evidence that the plaintiff told city officials about

---

[1] For a recitation of the facts refer to the court's Memorandum Opinion and Order (Doc. 130).

his work and reported the hours he was working on a separate form available to the chief of police. Id. Here, Harris County, like the City of Henderson, had the right to require its employees to adhere to its procedures for claiming overtime. Moreover, unlike the deputies, with whom the city has already settled, Plaintiffs were officers who collaborated with Perry Wooten. This fact distinguishes this case from Brennan v. General Motors Acceptance Corp., 482 F.2d 825 (5th Cir. 1973), where the Fifth Circuit affirmed an award of back pay to low level employees who were forced by middle management to submit inaccurate time sheets.

The Fifth Circuit has held that a party invoking the doctrine of equitable estoppel must show four factors: "(1) that the party to be estopped was aware of the facts; (2) that the party to be estopped intended his act or omission to be acted upon; (3) that the party asserting estoppel did not have knowledge of the facts; and, (4) that the party asserting estoppel reasonably relied on the conduct of the other to his substantial injury." Mangaroo v. Nelson, 864 F.2d 1202 (5th Cir. 19989). In this case[2] all four factors are present: (1) Plaintiffs admit they knew they were turning in false time sheets; (2) they intended the County to act upon them; (3) the County did not know that they were false; and, (4) the County, reasonably relying on the time sheets turned in by Plaintiffs, was deprived of the honest services of its employees.

For the aforementioned reasons, the Court **ORDERS** that Plaintiffs' Motion for Reconsideration (Doc. 132) is **DENIED**.

**SIGNED** at Houston, Texas, this 6th day of March, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[2] For other cases applying estoppel to claims under the FSLA see: Newton v. City of Henderson, 47 F.3d 746 (5th Cir. 1995); Brumbelow v. Quality Mills, Inc., 462 F.2d 1324 (5th Cir. 1972); Knight v. Charge Card Assoc., 711 F.2d 1057 (6th Cir. 1983) (Not recommended for full text publication).